UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER CABAN,

    **Plaintiff,**

v.                                      **CASE NUMBER: 8:17-cv-01123-CEH-TBM**

**SMARTPAY LEASING, LLC,**

    **Defendant.**
_____/

**MOTION TO VACATE ORDER REFFERING CASE TO ARBITRATION AND TO LIFT STAY, AS WELL AS FOR IMPOSITION OF SANCTIONS**

The Plaintiff, Jennifer Caban, by and through her undersigned counsel, hereby moves that this Honorable Court vacate its order referring this case to arbitration (Doc. 15) and lift the stay of litigation in this case, and states the following in support of this requested relief:

**INTRODUCTION**

The litigation history of this case is straightforward. The Plaintiff filed a Complaint in this Court (Doc. 1), and, in response, the Defendant, SmartPay Leasing, LLC, filed a Joint Motion for Extension of Time for Defendant, Smartpay Leasing, LLC, to Respond to Plaintiff's Complaint on June 9, 2017 (Doc 8). An Order Granting Motion for Extension of Time to Answer or Respond Smartpay Leasing, LLC Answer or Response to June 23, 2017 (Doc 9). On June 22, 2017, Defendant made a demand that the Plaintiff bring her claim in arbitration instead (Doc 11). The Plaintiff carefully reviewed the arbitration agreement and declined to oppose the Defendant's arbitration demand, so Plaintiff filed a Notice of Non-Objection to Defendant's Motion to Compel Arbitration (Doc 14). The Court subsequently Granted the Defendant's Motion to Compel Arbitration seeking to stay proceedings (Doc. 15). The Plaintiff thereafter filed an arbitration request with JAMS, one of the arbitral bodies that the Plaintiff was entitled to choose from pursuant to the arbitration agreement.

Following the filing of this arbitration request, however, matters became more complicated. Displeased by a finding by a JAMS arbitration administrator that JAMS' consumer rules, rather than its commercial rules, applied to this case, the Defendant obstinately refused to pay the arbitration fees found to be applicable by JAMS despite repeated requests. As a consequence, the Plaintiff's JAMS' arbitration request action has been dismissed, with the explicit reason given being the Defendant's non-payment of arbitration fees.

In this motion, the Plaintiff asserts that the Defendant's refusal to make payment constitutes either a waiver of arbitration, a breach of the arbitration agreement, or both. The Plaintiff therefore requests that this Court lift its stay and order the resumption of litigation. In addition, the Plaintiff further requests that the Court consider sanctions pursuant to its inherent authority on the grounds that it was unconscionable for the Defendant to interrupt this litigation with a demand for arbitration and then refuse to cooperate with the arbitration upon the first determination by the arbitral body adverse to its position.

## MEMORANDUM OF LAW

**I.     The Defendant's Failure To Pay Mandates Resumption of Litigation**

It is well established that a stay of litigation imposed because of a compelled arbitration must be lifted when the party that moved for arbitration fails to pay applicable arbitral fees upon a demand by the arbitrator, thus resulting in the termination of the arbitration. The state of the law on this subject is well described by an excellent survey case out of the Tenth Circuit, *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1295 fn. 3 (10th Cir.), *cert. denied*, 136 S. Ct. 373, 193 L. Ed. 2d 292 (2015), wherein, in discussing numerous cases on the issue, the court summarized

the law by stating that "some courts have viewed a party's failure to pay its share of the arbitration fees as a breach of the arbitration agreement, which precludes any subsequent attempt by that party to enforce that agreement," and that "[o]ther courts have treated the failure to pay arbitration fees as a waiver of the right to arbitrate," but concluded that "the result is the same." Notably, what happened in *Pre-Paid Legal* is exactly what happened here, as the Defendant caused the JAMS arbitration proceeding to be terminated after failing to pay what was determined to its share of the arbitration costs. Furthermore, as was true in *Pre-Paid Legal*, this refusal to pay was made without the pretense of being unable to afford the requested arbitration fees. Whether this failure to pay is considered a breach of the arbitration agreement or a waiver of that agreement, as succinctly stated by the Tenth Circuit, "the result is the same." In either instance, the stay must be lifted and litigation must resume.

II.     **Anticipated Counter-Arguments By The Defendant**

As part of the undersigned's interactions with opposing counsel on this matter, it has become apparent that there are several anticipated arguments on the part of the Defendant which should be addressed. In particular, it is anticipated that the Defendant may argue that JAMS, the applicable arbitral body, declined to arbitrate the case pursuant to the terms of the arbitration agreement by insisting on the application of its "Minimum Procedures of Procedural Fairness" for consumer disputes that required that all but $250 of arbitration costs be paid by the Defendant. As a threshold matter, this argument is specious because the JAMS arbitration administrator made it clear that JAMS' decision on the application of its "Minimum Procedures of Procedural Fairness" for consumers could be brought before the arbitrator when one was assigned and that the Defendant could proceed to the arbitrator selection process "without waving any objections." (**Exhibit A** - JAMS Order Finding that Consumer Rules Applied). The Defendant declined to do so, simply

refusing to pay. Furthermore, JAMS most certainly did not refuse to arbitrate the matter, but rather only insisted on payment by the Defendant of arbitral costs in accordance with its consumer rules. The reason the arbitration case was closed was the Defendant's non-payment of the full filing fee despite "multiple requests," as was explicitly noted by JAMS order closing the case for non-payment.[1] (See **Exhibit B** - JAMS Order Closing Case).

The significance of the Defendant's failure to honor the application of JAMS' consumer rules cannot be overstated. If the arbitrator had reached an ultimate decision unfavorable to the Plaintiff, she would be required to live with it even if it were reached in a manner that was in "manifest disregard of the law." *See, e.g., Campbell's Foliage, Inc. v. Fed. Crop Ins. Corp.*, 562 F. App'x 828, 831 (11th Cir. 2014) (noting that "judicially-created bases for vacatur [of arbitration awards] we had formerly recognized, such as where an arbitrator behaved in manifest disregard of the law, are no longer valid.")(internal quotations omitted). Here, however, the Defendant took the position that it was entitled to walk away from arbitration and fail to honor the results based upon a very mundane (and entirely reasonable) decision by the arbitral body that one set of its rules designed for consumer disputes[2] was applicable rather than another set of rules designed to handle commercial disputes between businesses (See **Exhibit C** - Smartpay Letter to JAMS Contesting Consumer Rules). Not only that, but, as mentioned above, the Defendant was offered the opportunity to bring its concerns about this ruling by the arbitration administrator to the attention of the arbitrator after one was assigned, yet declined to do so. To put it simply, the Defendant's conduct is utterly inconsistent with its demand for arbitration, as it has shown that it

---

[1] It should be noted that in its arbitration agreement the Defendant agreed to pay the **entire** "initial filing fee." (See Exhibit D - Arbitration Agreement).

[2] The Plaintiff is an individual consumer that used SmartPay to finance a personal cellular telephone and related equipment. This was clearly not a commercial transaction.

did not truly intend to honor the decisions of the arbitrator or the rules of the relevant arbitral body. Rather, it chose to use the power of its purse to thwart the arbitration when the arbitral body rendered a decision not to its liking.

It is also anticipated that the Defendant will argue that it was entitled to walk away from the JAMS arbitration because it was asked to waive provisions of its contract that were contrary to the minimum standards imposed by JAMS' consumer rules. As a threshold matter, this argument fails to hold water because the Defendant was told that this issue could be revisited with the arbitrator once one was assigned. Indeed, the Defendant's objections to JAMS' ruling on its own arbitration rules fell by definition within the scope of the arbitration and should have been decided by the arbitrator rather than unilaterally by the Defendant. More importantly, the Defendant explicitly agreed to abide by JAMS' rules, with the arbitration agreement stating that "you and we agree to use one of the two national arbitration organizations and their rules for conducting arbitrations." (See **Exhibit D** - Arbitration Agreement). The allocation of payment of arbitration fees that the Defendant objected to was a direct result of the application of JAMS' consumer rules that it agreed to follow. Finally, and most importantly, there was no absolutely conflict between JAMS' consumer rules and the costs provision of arbitration agreement, which provided that the Defendant would pay the "initial filing fee" and that "[e]ach party must pay its own attorneys' fees and other costs of the arbitration." This language, which is replete with ambiguity as to the "other costs of arbitration," is in no way inconsistent with an allocation of costs by arbitral rule.

Lastly, it is anticipated that the Defendant will argue that it did not waive arbitration or breach the arbitration agreement because the alternative national arbitration organization specified in the arbitration agreement, the American Arbitration Association, could be used instead of JAMS. To begin with, this approach would be utterly improper in that it would deprive the

Plaintiff of the contractually-provided right to choose between the two arbitration organizations specified in the arbitration agreement. Indeed, the arbitration agreement not only allows the Plaintiff to choose between the two specified arbitration organizations in filing claims, it also provides that, if the Defendant files an arbitration request with one of these organizations, the Plaintiff has "the right to choose the other organization." (See **Exhibit D** - Arbitration Agreement). In addition, there is reason to believe that the Defendant's purported concern about arbitration costs is pretextual and perhaps made for "forum shopping" reasons, as the JAMS arbitration administrator noted in an email (in a different case against SmartPay with the same issue) the existence of similar consumer protection rules applicable to American Arbitration Association proceedings. (See **Exhibit E** - JAMS Administrator's Email). However, if the Defendant is truly concerned about the costs imposed by the forum used to resolve the dispute, it should be mollified by the resumption of court litigation, as the Plaintiff has paid the filing fee for this action and no significant further costs should arise. The additional expenses of arbitration over what would be paid in court litigation were being incurred at the insistence of the Defendant; it should hardly have been heard to complain about being required to pay a greater portion of these additional costs under such circumstances.

### III.   Request For Sanctions

It is axiomatic that a district court has the inherent authority to impose sanctions when "a litigant has engaged in bad-faith conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, 111 S. Ct. 2123, 2134, 115 L. Ed. 2d 27 (1991)(noting that this "inherent power extends to a full range of litigation abuses").  As was explained above, it is evident that the Defendant was clearly not sincere with regards to its stated intent to abide by the arbitration agreement, including the agreement's

requirement of adherence to arbitral rules, when it demanded arbitration in this case.[3] Also of paramount importance is the fact that, due to the Plaintiff's need for an affirmative order granting relief to be compensated, the Plaintiff enjoyed no similar opportunity to simply walk away from an unfavorable arbitral decision by sabotaging the proceedings through non-payment. As such, the Defendant's conduct was a gross abuse of its position of unequal power over the arbitration proceedings. Furthermore, not only is this inherent unfairness of the Defendant's conduct grounds for sanctions, it is also significant that the progress of this case has been delayed by several months and Plaintiff's counsel has been forced to needlessly expend time on the abortive attempts at arbitration in this case and in preparing this motion. Sanctions are therefore respectfully requested in an amount to be determined by subsequent procedure established by the Court should it decide to grant this sanctions request.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court lift its stay and order the resumption of litigation. Furthermore, a finding of entitlement to sanctions is also respectfully requested.

## GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), undersigned counsel has conferred in good faith with the counsel for the Defendant who opposes the relief sought herein.

---

[3] Indeed, it is ironic that the Defendant's sole apparent objection to the JAMS arbitration proceedings was the allocation of arbitration costs in light of the fact that these costs would not have been incurred at all if litigation had not been interrupted.

Respectfully submitted,

*/s/ Heather H Jones*
Heather H. Jones, Esq.
Florida Bar No. 0118974
William " Billy" Peerce Howard, Esq.
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM, PLLC
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 500-1500, ext. 205
Facsimile: (813) 435-2369
Heather@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system to all parties of record.

*/s/ Heather Jones*
Heather H. Jones, Esq.
Florida Bar No.: 0118974
Attorney for Plaintiff